

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

Nemours Building  (302) 573-6277
1007 Orange Street, Suite 700  FAX (302) 573-6220
P.O. Box 2046
Wilmington, Delaware 19899-2046

May 22, 2007

Honorable Gregory M. Sleet
United States District Court
J. Caleb Boggs Federal Building
844 King Street
Wilmington, Delaware 19801

Re: **United States v. Anthony Fridas**
**Criminal Action No. 07-20-GMS**

Dear Judge Sleet:

The defendant is prepared to enter a guilty plea to Count 3 of the Indictment, possession of child pornography, pursuant to the enclosed Memorandum of Plea Agreement. The change of plea has been scheduled for Tuesday, June 19, 2007, at 9:00 a.m.

The Government has put the defendant on notice that after the change of plea the Government will move that the defendant be detained pending sentencing.

Respectfully,

COLM F. CONNOLLY
United States Attorney

By: _____
Edmond Falgowski
Assistant United States Attorney

pc: Christopher Koyste, Esquire
    Craig Carpenter, U.S. Probation Officer

EF:slb
Enclosure

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action No. 07-20-GMS |
| ANTHONY NIKOLAOS FRIDAS, | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Edmond Falgowski, Assistant United States Attorney for the District of Delaware, and on behalf of and with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Anthony Nikolaos Fridas, by and through the defendant's attorney, Christopher Koyste, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall enter a guilty plea to Count 3 of the Indictment, charging Possession of Child Pornography, a violation of Title 18, United States Code, Section 2252A(a)(5)(B) and (b)(2), which carries a maximum penalty of ten years imprisonment, a $250,000.00 fine, a life term of supervised release, or any or all of the above, and a special assessment of $100.

2. The defendant acknowledges that the elements of the offense are as follows:

   a. The defendant possessed child pornography, defined as a visual depiction of a minor engaged in an actual or simulated sex act and/or the lascivious exhibition of the genitals;

   b. The defendant knowingly possessed the child pornography, and;

   c. The child pornography had been transported in interstate commerce, or was produced using materials which had been transported in interstate commerce.

3.   The defendant agrees to pay the special assessment on the day of sentencing. If the Court orders the payment of any fine as part of the defendant's sentence, the defendant agrees voluntarily to enter the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

4.   Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees to recommend at sentencing a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). If the defendant's offense level is 16 or greater, the United States will move for an additional one point reduction, pursuant to U.S.S.G. § 3E1.1(a) and (b).

5.   The defendant agrees to forfeit to the United States his interest in all computer hardware, software, and storage media taken from the defendant's home by FBI agents on or about December 20, 2006.

6.   The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

7. Recognizing that the stated positions of the parties regarding the specific applicability of the Sentencing Guidelines are not binding on the Court, the Government asserts the applicability of the following Specific Offense Characteristics:

| | | |
|---|---|---|
| 2G2.2(b)(2) | Prepubescent minor under the age of 12 | + 2 |
| 2G2.2(b)(6) | Use of a computer | + 2 |
| 2G2.2(b)(7)(A) | At least 10 images, but fewer than 150 | + 2 |

As to the remaining provisions of U.S.S.G., Section 2G2.2, the Government states no position and reserves argument.

8. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

_____
Christopher Koyste, Esquire
Attorney for Defendant

By:_____
Edmond Falgowski
Assistant United States Attorney

_____
Anthony Nikolaos Fridas
Defendant

Dated:

**AND NOW this** _____ **day of** _____, 2007, the foregoing **Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.**

_____
HONORABLE GREGORY M. SLEET
United States District Court

3